UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMARA GREEN, ET AL.,<br><br>      Plaintiffs/Counterclaim Defendants,<br><br>vs.<br><br>WILLIAM H. COSBY JR.,<br><br>      Defendant/Counterclaim Plaintiff. | Miscellaneous Action No. 16-mc-099<br><br>Pending In: Civil Action No. 3:14-cv-30211-MGM, United States District Court for the District of Massachusetts |

**DEFENDANT WILLIAM H. COSBY, JR.'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL NON-PARTY NEW YORK MEDIA, LLC TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENA**

Kevin S. Reed
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Fl.
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant and Counterclaimant William H. Cosby, Jr.*

## **TABLE OF CONTENTS**

                                                                **Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................2

I.      NYM HAS STILL IMPROPERLY FAILED TO PROVIDE A PRIVILEGE
         LOG, AND HAS THUS WAIVED PRIVILEGE .................................................................2

II.     MR. COSBY'S NEED FOR THESE HIGHLY RELEVANT AND NECESSARY
         MATERIALS OVERCOMES THE QUALIFIED REPORTER'S PRIVILEGE ...............4

        A.      NYM Misstates The Relevance Standard ...............................................................5

        B.      The Materials Sought Are Critical And Necessary To Mr. Cosby's Claims
               and Defenses ............................................................................................................7

        C.      The Materials Sought Cannot Be Obtained From Other Sources............................8

CONCLUSION ......................................................................................................................9

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Abbott Labs. v. Alpha Therapeutic Corp.*,
  No. 97 C 1292, 2000 WL 1863543 (N.D. Ill. Dec. 14, 2000) ..................................................2

*Am. Sav. Bank, FSB v. UBS Painewebber, Inc.*,
  No. M8-85, 2002 WL 31833223 (S.D.N.Y. Dec. 16, 2002)....................................................2

*Anaya v. CBS Broad., Inc.*,
  251 F.R.D. 645 (D.N.M. 2007)................................................................................................2

*Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*,
  No. 11 CIV. 6746 RKE HBP, 2014 WL 2518959 (S.D.N.Y. June 4, 2014).............................3

*Carey v. Hume*,
  492 F.2d 631 (D.C. Cir. 1974)..................................................................................................7

*In re Chevron Corp.*,
  749 F. Supp. 2d 170 (S.D.N.Y.)...............................................................................................3

*Crowe v. Cty. of San Diego*,
  242 F. Supp. 2d 740 (S.D. Cal. 2003)......................................................................................7

*Don King Prods., Inc. v. Douglas*,
  131 F.R.D. 421 (S.D.N.Y. 1990) .............................................................................................9

*Dooley v. Boyle*,
  531 N.Y.S.2d 158 (N.Y. Sup. Ct. 1988) ..........................................................................6, 7, 8

*FG Hemisphere Associates, L.L.C. v. Republique Du Congo*,
  2005 WL 545218 (S.D.N.Y. March 8, 2005) .........................................................................4

*Hurst v. F.W. Woolworth Co.*,
  No. 95 CIV. 6584 CSH, 1997 WL 61051 (S.D.N.Y. Feb. 11, 1997) ......................................4

*In re Application of Chevron Corp.*,
  736 F. Supp. 2d 773 (S.D.N.Y. 2010)..................................................................................2, 6

*In re In-Store Advertising Sec. Lit.*,
  163 F.R.D. 452 (S.D.N.Y.1995)...............................................................................................3

*In re McCray, Richardson, Santana, Wise, Salaam Litig.*,
  991 F. Supp. 2d 464 (S.D.N.Y. 2013)......................................................................................5

*Orbit One Commc'ns, Inc. v. Numerex Corp.*,
  255 F.R.D. 98 (S.D.N.Y. 2008) ...............................................................................................3

*Pfkinans Int'l Corp. v. IBJ Schroder Leasing Corp.*,
  93 Civ. 5375, 1996 WL 525862 (S.D.N.Y. 1996)...................................................................4

*Schoolcraft v. City of New York*,
   No. 10 CIV. 6005, 2014 WL 1621480 (S.D.N.Y. Apr. 22, 2014) ......................................... 2, 5

*Sheikhan v. Lenox Hill Hospital*,
   1999 WL 386714 (S.D.N.Y. June 11, 1999) ................................................................................ 4

*Sokolow v. Palestine Liberation Org.*,
   No. 04 Civ. 397, 2012 WL 3871380 (S.D.N.Y. Sept. 6, 2012) ................................................... 6

*Sullivan v. StratMar Systems, Inc.*,
   276 F.R.D. 17, 2011 WL 3299811 (D.Conn. Aug. 2, 2011) ....................................................... 3

*United States v. Cuthbertson*,
   630 F.2d 139 (3d Cir. 1980), cert. denied, 449 U.S. 1126, 101 S. Ct. 945 (1981) .................... 9

**<u>Statutes</u>**

Fed.R.Civ.P. 26 ................................................................................................................................ 3

Rule 26.2(a)(2) ............................................................................................................................ 2, 3

Rule 45(e)(2)(A) .............................................................................................................................. 2

N.Y. Civ. Rights Law § 79-h(c) ...................................................................................................... 5

Defendant William H. Cosby, Jr. respectfully submits this reply memorandum of law in support of his motion to compel non-party New York Media, LLC ("NYM") to produce documents in response to subpoena.

## INTRODUCTION

William H. Cosby's motion seeks a specific set of materials: the unedited interviews of six individuals interviewed by NYM for a nationally-published story accusing him of various acts of sexual assault. NYM refuses to provide those materials, invoking the qualified "reporter's privilege," but NYM fails to establish the applicability of that qualified privilege.

First, NYM did not satisfy a threshold requirement: it has not provided a privilege log and has thus waived any privilege. NYM urges that it was not required to create a log. To the contrary, the courts of this District have long held that a log is required when the qualified reporters' privilege is invoked. Even the case NYM relies on holds that the continued failure to provide a log may result in waiver.

Second, even if NYM had not waived the privilege, Mr. Cosby has made an ample showing to overcome it. NYM reasons that, while the materials it has withheld are admittedly non-confidential, it should nonetheless not have to produce them because Mr. Cosby has shown only that they "might" be helpful to his case. NYM's argument is contrary to law. As courts in this District have recognized, the standard of relevance for non-confidential materials is "low." Moving parties are not required to overcome the qualified reporter's privilege by describing the content of documents they have never seen—a task made all the more impossible here by NYM's refusal to provide a privilege log.

Accordingly, to the extent NYM is even allowed to invoke the qualified reporter's privilege, Mr. Cosby's need for the unedited interviews he seeks is sufficient to overcome that privilege, and NYM should be compelled to produced them.

**ARGUMENT**

I. **NYM HAS STILL IMPROPERLY FAILED TO PROVIDE A PRIVILEGE LOG, AND HAS THUS WAIVED PRIVILEGE**

As a threshold matter, NYM has not provided a privilege log (even now) and has thus waived any qualified reporter's privilege that could be applicable to the materials Mr. Cosby seeks. NYM argues that, as a media company, it is somehow exempt from complying with Federal Rules of Civil Procedure and this Court's Local Rules.[1]  *See* Dkt. No. 8, Memorandum of Law of Nonparty Respondent New York Media, LLC in Opposition to Defendant's Motion to Compel, ("NYM Opp.") at 18. But no case supports NYM's position; to the contrary, cases have long required a log of materials withheld pursuant to the reporter's privilege. S*ee, e.g.*, *In re Application of Chevron Corp.*, 736 F.Supp.2d 773, 782 (S.D.N.Y. 2010); *Am. Sav. Bank, FSB v. UBS Painewebber, Inc.*, No. M8–85, 2002 WL 31833223 (S.D.N.Y. Dec. 16, 2002). Even the case that NYM relies upon, *Schoolcraft v. City of New York,* No. 10 CIV. 6005, 2014 WL 1621480 (S.D.N.Y. Apr. 22, 2014), confirms that "Rule 45(e)(2)(A) does require nonparties," including journalists, "to provide a privilege log," and further noted that the journalist in question would "waive his privilege in the future if he fails to provide a privilege log." *Id.* at *4-5.

NYM asserts additional, contradictory arguments as to why it did not have to provide a log. It tells the Court that its log would have had just one entry: "unpublished materials collected in the course of newsgathering related to the *No Longer Afraid* report." NYM Opp. at 8. But this argument runs directly contrary to Rule 26.2(a)(2), which requires that even categorical privilege logs reflect the types of documents or materials withheld, the general subject matter of

---

[1] The Federal Rules of Civil Procedure govern the extent to which parties in diversity cases are required to provide a privilege log. *See Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 651 (D.N.M. 2007); *and Abbott Labs. v. Alpha Therapeutic Corp.*, No. 97 C 1292, 2000 WL 1863543, at *3 (N.D. Ill. Dec. 14, 2000).

2

the materials, date ranges, and authors or senders and recipients as to each category. *See, e.g.*, *Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, No. 11 CIV. 6746 RKE HBP, 2014 WL 2518959, at *5 (S.D.N.Y. June 4, 2014), *aff'd sub nom. Auto. Club of New York, Inc. v. The Port Auth. of New York & New Jersey*, No. 11 CIV. 6746 RKE, 2015 WL 3404111 (S.D.N.Y. May 27, 2015) ("Fed.R.Civ.P. 26 applies with the same force to a categorical log as it does to a traditional log that lists each document individually. . . a categorical privilege log is adequate if it provides information about the nature of the withheld documents sufficient to enable the receiving party to make an intelligent determination about the validity of the assertion of the privilege.") (citation omitted); *see also Orbit One Commc'ns, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 109 (S.D.N.Y. 2008) (same).

Alternatively, NYM urges that "[a]ny effort to produce a privilege log in the few weeks since the service of the subpoena would have imposed an enormous burden of time and cost on New York Media." NYM Opp. at 18. But NYM does not provide any support for this assertion, either in the form of an affidavit or even in a general description of the number of documents involved. It's assertion of burden, therefore, is not cognizable. *See In re Chevron Corp.*, 749 F. Supp. 2d 170, 183 (S.D.N.Y.), *aff'd sub nom. Lago Agrio Plaintiffs v. Chevron Corp.*, 409 F. App'x 393 (2d Cir. 2010); *cf In re In–Store Advertising Sec. Lit.*, 163 F.R.D. 452, 455 (S.D.N.Y.1995) ("If a party resists production on the basis of claimed undue burden, it must establish the factual basis for the assertion through competent evidence."); *and Sullivan v. StratMar Systems, Inc.*, 276F.R.D. 17, 2011 WL 3299811, at *2 (D.Conn. Aug. 2, 2011)("as the objecting party, [defendant] must specifically show how plaintiff's requests and questions are overly broad, burdensome or oppressive 'by submitting affidavits or offering evidence revealing the nature of the burden.'"). Moreover, the core of what Mr. Cosby is asking for–recordings and

transcripts of the unedited interviews of the six Plaintiffs who have brought suit against him (s*ee* Mr. Cosby's Motion at 3)–should be quite easy to locate and produce, such that any burden argument is almost certainly meritless.

NYM asserts that Mr. Cosby's attempts to persuade NYM to comply with his subpoena did not include a demand for a privilege log. NYM Opp. at 18. But NYM's obligations to comply with the Federal and Local Rules regarding privilege logs stands independently to the meet and confer process. Nor has NYM provided any indication that it was somehow "mistaken about the rule's requirements." *Hurst v. F.W. Woolworth Co.*, No. 95 CIV. 6584 CSH, 1997 WL 61051, at *5 (S.D.N.Y. Feb. 11, 1997). Moreover, <u>even after Mr. Cosby raised the issue in his motion, NYM still has not provided one.</u> Contrary to what NYM believes, a party should not have to badger a witness to comply with the Federal Rules. *See Pfkinans Int'l Corp. v. IBJ Schroder Leasing Corp.,* 93 Civ. 5375, 1996 WL 525862, *4 (S.D.N.Y. 1996) (noting that reluctance to find waiver where a party failed to produce a privilege log would only encourage disregard of the Court's Rules and encourage motion practice); *Hurst,* 1997 WL 61051, at *6 (recognizing that although a waiver may be a serious sanction for a violation of Rule 26(b)(5) of the Federal Rules of Civil Procedure and/or Local Civil Rule 26.2, the importance of these rules "should not be diminished by skirting their application when the results prove harsh to a party."); *FG Hemisphere Associates, L.L.C. v. Republique Du Congo,* 2005 WL 545218, *6 (S.D.N.Y. March 8, 2005); *and Sheikhan v. Lenox Hill Hospital,* 1999 WL 386714, *3 (S.D.N.Y. June 11, 1999).

**II.     MR. COSBY'S NEED FOR THESE HIGHLY RELEVANT AND NECESSARY MATERIALS OVERCOMES THE QUALIFIED REPORTER'S PRIVILEGE**

Even if the reporter's privilege were still applicable to this case, it would be overcome by Mr. Cosby's showing here. NYM concedes that the materials sought by Mr. Cosby are non-

confidential.  *See* NYM Opp at 5-6.  Accordingly, as NYM also admits, only a qualified reporter's privilege would even arguably apply to the materials at issue.  NYM Opp. at 8, citing N.Y. Civ. Rights Law § 79-h(c); *see also Schoolcraft*, 2014 WL 1621480, at * 4 ("the federal and state policies" on non-confidential reporter's privilege "are 'congruent.'") (citations and internal quotation marks omitted).

### A.     NYM Misstates The Relevance Standard

In seeking the protection of the qualified reporters' privilege, NYM mischaracterizes Mr. Cosby's subpoena.  According to NYM, Mr. Cosby has moved to compel a "broad swath of unpublished material" in an attempt to "sift through *New York's* files in hopes of stumbling on something Cosby might possibly find useful in his litigation."[2]  NYM Opp. at 3.  This is untrue.

Mr. Cosby has been very specific in describing what he seeks from NYM—the complete, unedited interviews of six named individuals, all of whom are Plaintiffs in an action against him, and all of whom were interviewed for a single NYM publication.  These interviews, given by Plaintiffs to NYM for an article published in *New York Magazine* on July 26, 2015 (the "Article"), pertain to the *exact same topic* as the claims brought by Plaintiffs against Mr. Cosby.  NYM does not deny that those materials exist and are in NYM's possession.

NYM argues that the interview materials *might* not be relevant because Mr. Cosby is seeking them to determine "whether or not" the Plaintiffs said or did certain things during the

---

[2] NYM apparently seeks to invoke *In re McCray, Richardson, Santana, Wise, Salaam Litig.*, 991 F. Supp. 2d 464, 470 (S.D.N.Y. 2013) ("Courts should prevent litigants from 'sift[ting] through press files in search of information supporting their claims.'") (citations omitted).  However, unlike here, the plaintiffs in *In re McCray*, moved to compel all "'audio and/or video materials documenting interviews . . . in connection with the book and/or film' that cover 'main or familial plaintiffs,' current and past counsel, all retained experts, and all witnesses to events concerning the case."  *Id.*  This extensive list included materials that were created over the span of a decade and pertained dozens of individuals, many of whom had little to no connection to the case.

5

course of their interviews. NYM Opp. at 4. Its argument however, is contrary to the law. The "standard for relevance to overcome the journalist privilege for non-confidential materials is low." *Sokolow v. Palestine Liberation Org.,* No. 04 Civ. 397, 2012 WL 3871380, at *3 (S.D.N.Y. Sept. 6, 2012) (granting plaintiffs' motion to compel outtakes). A plaintiff need not show with certainty that unseen materials bear directly on its case, only that the materials are likely to have relevance to the issues being litigated.[3] Mr. Cosby easily satisfies that standard in seeking statements by persons accusing him of sexual misconduct made during an inteview about that very same alleged misconduct.

NYM's argument is also contrary to common sense. Mr. Cosby cannot know what is in the interview materials that NYM refuses to let him see. It would make no sense to require him to establish with certainty the helpful content of those materials. *See Dooley v. Boyle,* 531 N.Y.S.2d 158, 161 (N.Y. Sup. Ct. 1988) (granting motion to compel journalist's notes and warning against "[t]he 'Catch 22'" that results from "competing claims of not being able to obtain disclosure of a reporter's notes without first establishing relevancy and the inability to establish relevancy without first obtaining disclosure."). And it is all the more unfair for NYM to seek to impose such a requirement on Mr. Cosby when it has not provided a privilege log. NYM's failure to meet its own burden should not prevent Mr. Cosby from being able to seek relevant materials. *In* re *Application of Chevron Corp.*, 736 F. Supp. 2d at 782.

---

[3] In *Sokolow,* the plaintiffs claimed that the outtakes of interviews of two individuals made for a BBC news program "*may* be relevant to establishing" whether "Fatah, which is part of the PLO, is connected to Al–Aqsa's activities," which, if shown, would allow the plaintiffs to obtain relief from the defendants. *Id.* at *2 (emphasis added). The court agreed; "[t]he outtakes are of '*likely* relevance' because the footage in question *may* contain information that links Fatah to Al–Aqsa." *Id.* at *3 (emphasis added). The plaintiffs in *Sokolow* were not required to identify with certainty the precise statements the outtakes contained that would be relevant to their case. Rather, they provided a reasonable explanation of what they hoped to discover and how that was relevant to an important issue in their case.

### B. The Materials Sought Are Critical And Necessary To Mr. Cosby's Claims and Defenses

NYM asserts that what Mr. Cosby seeks from NYM is not necessary to his claims or defenses because it is merely impeachment evidence. *See* NYM Opp. at 9-10. But the material sought goes directly to the truth or falsity of Plaintiffs' allegations against Mr. Cosby—a key element of his defamation defense. If the evidence indicates Plaintiffs' allegations regarding their interactions with Mr. Cosby are false, their defamation claims should fail, and in fact Mr. Cosby's defamation counterclaims may prevail. *See Crowe v. Cty. of San Diego*, 242 F. Supp. 2d 740, 750-51 (S.D. Cal. 2003) (overcoming reporter's privilege in defamation action); *Carey v. Hume*, 492 F.2d 631, 636-37 (D.C. Cir. 1974) (overcoming reporter's privilege in libel action.)

Moreover, contrary to NYM's warning, this is *not* a situation where granting Mr. Cosby's motion will result in the subpoenaing of every news outlet that has reported on Plaintiffs' case against Mr. Cosby. What is critical here are Plaintiffs' own recorded words. Unlike other news outlets repeating statements made by Plaintiffs' lawyers or spokespeople, NYM spoke directly to Plaintiffs about their allegations, videotaping at least two Plaintiffs in the process. Plaintiffs' statements to NYM may reveal descriptions of the alleged assaults by Mr. Cosby that differ from prior or future versions of these accounts.

Additionally, at trial, Plaintiffs may seek to rely upon statements that have been published by NYM as corroboration that their allegations have not changed over time. Without the full content of Plaintiffs' interviews, Mr. Cosby will be unfairly limited in his ability challenge Plaintiffs on cross-examination. The court's logic in *Dooley*, is instructive on this issue. In *Dooley*, the court considered whether to compel production of a journalist's notes of interviews with the parties. At a hearing on the underlying issue, a journalist was called to testify as to the accuracy of statements made by the parties in published articles. Plaintiff sought

7

to compel production of the journalist's notes from the interviews in order to cross examine her. In granting plaintiff's motion and requiring the journalist to produce "those notes, which directly memorialize conversations she had with Boyle and/or Dooley and which resulted directly in statements attributed to these individuals in published articles. . . and notes regarding her conversations with Boyle and/or Dooley which contradict statements published[,]" the court stated:

> Here, the mere possibility of misstatement mandates disclosure. The grant of qualified privilege does not ascribe to the grantee any right, absolute or otherwise, to determine its application. The grantee merely possesses the right of assertion as a shield to protect newsgathering activities and the persons engaged therein from becoming *de facto* investigative agencies for litigants. It does not throw a blanket over all discovery [] and cannot be applied indiscriminately or unqualifiedly as a sword to preclude challenges to the accuracy of statements ascribed to named individuals in published reports.

*Dooley*, 531 N.Y.S.2d at 161.

### C. The Materials Sought Cannot Be Obtained From Other Sources

NYM is incorrect in its statement that Mr. Cosby "has refused to even make an effort" in attempting to find alternative sources of the information he seeks. *See* NYM Opp. at 14. In the last two months, Mr. Cosby has taken the depositions of two Plaintiffs, with the remainder to occur over the next few weeks. However, without knowing what Plaintiffs said to NYM during their interviews, it is impossible to fully challenge the accuracy of their published statements in deposition. *See Dooley*, 531 N.Y.S.2d at 161.

Moreover, the information that Mr. Cosby seeks from the unedited interviews is not simply "underlying information" that can be obtained from other sources, but literally the exact words and phrases used by Plaintiffs in describing their interactions with Mr. Cosby. Every nuance of what Plaintiffs said to NYM may indicate the falsity of their accusations, rendering each such interaction a unique piece of evidence, even more so because they are captured on

video or audio tape. *See United States v. Cuthbertson,* 630 F.2d 139 (3d Cir. 1980), cert. denied, 449 U.S. 1126, 101 S. Ct. 945 (1981) (verbatim statements of witnesses contained in videotape "[b]y their very nature . . . are not obtainable from any other source. They are unique bits of evidence that are frozen at a particular place and time."); *and Don King Prods., Inc. v. Douglas*, 131 F.R.D. 421, 426 (S.D.N.Y. 1990) (recognizing the importance of the recording sought "particularly in a case in which the 'vigor and motivation' with which actions were taken may determine the outcome").

Accordingly, because Mr. Cosby has demonstrated a necessity for these highly relevant materials, and an inability to obtain the materials from other sources, the qualified reporter's privilege should, in this instance, be overcome to allow for discovery.

## CONCLUSION

For the foregoing reasons, Mr. Cosby respectfully requests an order compelling NYM to immediately produce the recordings and transcripts of the unedited interviews of the six Plaintiffs.

Dated:  New York, New York
        April 18, 2016

> QUINN EMANUEL URQUHART & SULLIVAN, LLP
>
> By  */s/* Kevin S. Reed
>
> Kevin S. Reed
> QUINN EMANUEL URQUHART & SULLIVAN, LLP
> 51 Madison Avenue, 22nd Fl.
> New York, NY 10010
> Telephone: (212) 849-7000
> Facsimile: (212) 849-7100
> Email: kevinreed@quinnemanuel.com
>
> *Attorneys for Defendant and Counterclaimant*
> *William H. Cosby, Jr.*